Battle, J.
 

 "We are satisfied tliat it was the intention of the testator to give to his sisters the proceeds of his life-policy, in the same manner as he had given the balance of his property in the first item of his will. The expression, “ to my sisters as before stated,” admits of no other sensible construction. The fourth item of the will, in which it is found, was indeed unnecessary, as the policy would have passed under the first; but the testator seemed to have had an idea that it required express words to pass it, and his only purpose was to make it certain tliat the policy should be included in the gift of the “ balance,” excepting the slaves.
 

 We have no doubt that the word “issues” in the first, and the word “ progeny” in the second, item of the will, as applied to his sisters, were used in the same sense, to wut, children, and that the testator meant that all the children which his sisters might have, should be benefitted by the bequest. One, only, of the testator’s six sisters was married and had children at the time when his will was made and at his death, and he certainly did not intend to exclude the children which his unmarried sisters might have, if they should think proper at any future time to marry and bear children. To give full effect to the will, therefore, it is necessary to adopt the construction, that the sisters shall take estates for life in the slaves and other property, with remainders to their children. This will embrace all the “ issues,” “ progeny” or children, which the sisters, or any of them, may ever have, and is supported by the ease of
 
 Ponton
 
 v. McLemore, 2 Dev. and Bat. Eq. Rep. 285.
 

 It is very certain that the testator intended his married
 
 *345
 
 sister should take what he gave her for her sole and separate use. The expression that none of his property should “ go to any but my sisters direct^, and their progeny, and not their husbands,” can admit of no other fair interpretation. It is applied equally to all the sisters, and the Court cannot make any distinction between them. It differs from the case of
 
 Apple
 
 v. Allen, ante 120, because here, one of tire sisters is married, and the husbands of all are expressly excluded. As to the unmarried sisters, their future husbands, should they ever marry, were necessarily referred to. No other construction can be put upon the words, and in that respect it differs from the case of
 
 Miller
 
 v.
 
 Bingham,
 
 1 Ire. Eq. Rep. 423. It must therefore be declared to be the opinion of the Court, that the testator’s sisters take each a life-estate in the property bequeathed to them, with remainders to their children respectively, and that they take their life-estates to their sole and separate use exclusive of their husbands, which either of them now has, or may hereafter have. A reference must be made to ascertain a suitable person to act as trustee for tliem.
 

 Pee CuniAM, Decree accordingly.